UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
CATHERINE KURZDORFER,
on behalf of plaintiff and the class defined herein,

              Plaintiff,

    v.

CONSTAR FINANCIAL SERVICES, LLC,

              Defendant.
-------------------------------------------------------------------

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Catherine Kurzdorfer brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Constar Financial Services, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.      The FDCPA encourages consumers to act as "private attorneys general" to

enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because defendant's collection communications were received by plaintiff within this District.

## PARTIES

9. Plaintiff Catherine Kurzdorfer is an individual who resides in Victor, New York.

10. Defendant Constar Financial Services, LLC is a limited liability company organized under Arizona law with offices at 10400 N. 25th Avenue, Suite 100, Phoenix, AZ 85021.

11. Constar Financial Services, LLC is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts owed to others.

12. Constar Financial Services, LLC is a debt collector as defined in the FDCPA.

## FACTS

13. Defendant has been attempting to collect from plaintiff an alleged debt for M&T Bank. The alleged debt was for personal, family or household purposes and not for business purposes.

14. On or about April 17, 2019, defendant sent plaintiff the letter dated April 16, 2019 attached as Exhibit A. Exhibit A includes the letter of April 16, 2019 and its accompanying envelope.

15. Plaintiff received Exhibit A on April 22, 2019.

16. On or about April 23, 2019, defendant sent plaintiff the letter dated April 22, 2019

attached as Exhibit B. Exhibit B includes the letter of April 22, 2019 and its accompanying envelope.

    17.    Plaintiff received Exhibit B on April 27, 2019.

    18.    On information and belief, based on its contents, Exhibits A and B are examples of a form letter defendant uses as the "notice of debt" required by 15 U.S.C. §1692g.

    19.    On information and belief, based on the lack of programming to prevent it from happening, defendant often sends two or more "notices of debt" in succession to the same address without any problem with the address being noted.

## VIOLATIONS ALLEGED

    20.    Section 1692g provides:

> **§ 1692g.  Validation of debts**
>
> **(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**
>
> > **(1) the amount of the debt;**
> >
> > **(2) the name of the creditor to whom the debt is owed;**
> >
> > **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
> >
> > **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
> >
> > **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**
>
> **(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the**

**debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

**(c) Admission of liability.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

**(d) Legal pleadings.  A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**

**(e) Notice provisions.  The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

21. The sending of multiple "notices of debt" to the same address in close succession is confusing, as the consumer does not know when the period expires.  It therefore violates 15 U.S.C. §§1692g and 1692e.  *Maloney v. Alliance Collection Agencies, Inc.*, 17cv1610, 2018 WL 5816375 (E.D.Wisc. Nov. 6, 2018).

## CLASS ALLEGATIONS

22. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

23. The class consists of (a) all persons (b) who, on or after a date one year prior to the filing of this action (15 U.S.C. §1692k), (c) were sent two or more "notices of debt" by defendant Constar Financial Services, LLC, (d) to the same address (e) and the first notice was not returned or forwarded by the Postal Service.

24. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief, that there are more than 40 members of the class.

25. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendant sends two or more "notice of debt" related to the same debt in succession, to the same address without any problem with the address being noted;

    b. Whether doing so is confusing or misleading and violates the FDCPA.

26. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

27. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

28. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    a. Statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. Such other or further relief as the Court deems just and proper.

/s/ Tiffany N. Hardy

/s/ Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

Mark F. Viencek
LAW OFFICES OF MARK F. VIENCEK
290 Linden Oaks, First Floor
Rochester, New York 14625
(585) 419-8075
(866) 818-9500 (FAX)

T:\36142\Pleading\Complaint_Pleading.wpd

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Tiffany N. Hardy
Tiffany N. Hardy