UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CATHERINE KURZDORFER, on behalf of plaintiff
and the class defined herein,

                              Plaintiff,                    DECISION AND ORDER

                                                           19-CV-6430L
                    v.


CONSTAR FINANCIAL SERVICES, LLC,

                              Defendant.
_____

## **INTRODUCTION**

Plaintiff Catherine Kurzdorfer ("Kurzdorfer") filed this class action against defendant Constar Financial Services, LLC ("Constar"), alleging claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (Dkt. # 1). Kurzdorfer's claims arise from two debt collection letters she received from Constar in April 2019. Pending now is Constar's motion to dismiss Kurzdorfer's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. # 10). Constar's motion also includes a request for attorneys' fees incurred in connection with this case. (*See* Dkt. # 10-2 at 11-12). For the following reasons, Constar's motion to dismiss is granted, and its request for attorneys' fees is denied.

## **FACTUAL BACKGROUND**[1]

In April 2019, Kurzdorfer received two debt collection letters from Constar related to an alleged debt she owes M&T Bank. (Dkt. # 1 at ¶¶ 13-17). The first letter is dated April 16, 2019

---

[1] The following facts are taken from Kurzdorfer's complaint and those exhibits attached to the complaint and are assumed to be true for purposes of this motion.

and was received by Kurzdorfer on April 22, 2019 (the "First Letter"), and the second letter is dated April 22, 2019 and was received by Kurzdorfer on April 27, 2019 (the "Second Letter," and together with the First Letter, the "Collection Letters"). (*Id.* at ¶¶ 14-17). Constar, an Arizona limited liability company, qualifies as a "debt collector" under the FDCPA. (*Id.* at ¶¶ 10-12).

The Collection Letters are exhibited to the complaint and appear to be effectively identical. (*See* Dkt. # 1-1 at 2-3, 6-7). They informed Kurzdorfer that M&T Bank had referred her debt to Constar for collection. (*Id.* at 2, 6). Both Collection Letters also reflected an alleged "past due" debt of $14,815.98 and stated that the debt "must be paid in full," listed M&T Bank as the creditor, contained the same account number and Constar number, indicated that they were "communication[s] . . . from a debt collector [and were] an attempt to collect a debt and [that] any information obtained w[ould] be used for that purpose," provided Kurzdorfer with information to remit payment, and contained certain state- and municipal-specific information concerning consumer rights. (Dkt. # 1-1 at 2-3, 6-7 (emphasis omitted)). Moreover, the Collection Letters each stated that:

> [u]nless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.
>
> If payment in full is received in our office, all collection activity will cease.

(*Id.* at 2, 6).

Kurzdorfer alleges that the Collection Letters constitute "notices of debt" under section 1692g of the FDCPA and that Constar "often sends two or more 'notices of debt' in succession to the same address without any problem with the address being noted." (Dkt. # 1 at ¶¶ 18, 19).

## DISCUSSION

### I.    Standard on a Motion to Dismiss

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In deciding a motion to dismiss, a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *See Trs. of Upstate New York Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016), *cert. denied*, 137 S.Ct. 2279 (2017).  A court may also "consider any written instrument attached to the [c]omplaint as an exhibit or any statements or documents incorporated in it by reference." *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 179 (2d Cir. 2014) (alterations and quotations omitted).

### II.    Sufficiency of Kurzdorfer's Claims under the FDCPA

Kurzdorfer alleges that "Constar's [Collection] [L]etters contain[ed] contradictory validation notices that [were] inherently false, confusing and misleading," in that by sending the Second Letter in "close succession" to the First Letter, Kurzdorfer allegedly "d[id] not know when the [30-day validation period] expire[d]." (*See* Dkt. # 1 at ¶ 21; Dkt. # 13 at 8).  In her view, Constar could not extend the validation period beyond the thirty days noticed in the First Letter

3

and prescribed in section 1692g of the FDCPA, even by sending a second communication – like the Second Letter – that purported to do so. (*See* Dkt. # 13 at 14-15 ("[s]ubsequent communications do not extend the 30 day period under the [FDCPA]; there is no provision in the statute for extending the 30 day period or waiving other statutory limitations on the consumer's rights")). Accordingly, Kurzdorfer maintains that Constar's "sending of two 'notices of debt' one week apart is confusing as to Ms. Kurzdofer's [sic] § 1692g rights, in that the 'least sophisticated consumer' could readily believe that they have 30 days after receipt of the second letter to exercise their validation rights, *when that is not the case*." (*Id.* at 14 (emphasis supplied)).

In moving to dismiss Kurzdorfer's complaint, Constar points out that the Collection Letters each complied with the requirements set forth in section 1692g(a) of the FDCPA. (*See* Dkt. # 10-2 at 2). Furthermore, Constar's principal contention is that it was permitted to send Kurzdorfer two debt collection letters within the initial thirty-day validation period because Kurzdorfer had not yet challenged the validity of the debt. (*See id.* at 4, 6-9). Constar also maintains that the Second Letter did not contradict or confuse the validation period identified in the First Letter because the Second Letter did not create the impression that Kurzdorfer had less than the statutory thirty days to dispute the debt and that, if anything, it only "extended [Kurzdorfer's] time to pay or dispute the debt." (*Id.* at 9).

### A.   <u>Relevant Sections of the FDCPA</u>

To state a claim under the FDCPA, a plaintiff must show that "(1) she has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Ossipova v. Pioneer Credit Recovery, Inc.*, 2019 WL 6792318, *3 (S.D.N.Y. 2019) (citation omitted). Here, only the third element is in dispute; Kurzdorfer alleges that Constar's sending of

the Collection Letters "in close succession" violated sections 1692g and 1692e of the FDCPA.[2] (Dkt. # 1 at ¶ 21).

Section 1692g of the FDCPA relates to "validation of debts." 15 U.S.C. § 1692g. It requires a debt collector to provide written notice, referred to as a "notice of debt" or a "validation notice," within five days after its initial communication with a consumer, indicating the amount of the alleged debt as well as the name of the creditor to whom the debt is owed. 15 U.S.C. §§ 1692g(a)(1)-(2); *see also Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 134 (2d Cir.), *cert. denied*, 560 U.S. 926 (2010). This notice must also include a "statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(3). This thirty-day period is often referred to as the "validation period." *See Ellis*, 591 F.3d at 132. In addition, the notice must indicate that "if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt" and mail the verification to the consumer. 15 U.S.C. § 1692g(a)(4). Finally, the notice is required to state that "upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." *Id.* at § 1692g(a)(5). Unless the consumer disputes the alleged debt in writing during the validation period, a debt collector "may continue" its "[c]ollection activities and communications . . . during the 30-day period," but such conduct "may not overshadow or be inconsistent with the disclose of the consumer's right to dispute the debt." *Id.* at § 1692g(b); *accord Ellis*, 591 F.3d at 135 ("the validation period is not a grace period; in the absence of a dispute notice, the debt collector is allowed to demand immediate payment and

---

[2] Though not specified in her complaint, Kurzdorfer argues in opposition to the pending motion that the Collection Letters allegedly violated sections 1692e(2)(A) and 1692e(10) of the FDCPA. (*See* Dkt. # 13 at 12).

to continue collection activity[;] . . . [w]hile debt collectors are largely free to continue collection activities during the validation period, th[e] [Second Circuit] has long held that validation period collection activities and communications must not overshadow or contradict the validation notice") (quotations omitted).

Section 1692e of the FDCPA generally prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* at § 1692e. Conduct that violates this section includes the "false representation of . . . the character, amount, or legal status of any debt," *id.* at § 1692e(2)(A), as well as using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," *id.* at § 1692e(10).

Whether a debt collector's activities or communications violate sections 1692g or 1692e is evaluated under the "least sophisticated consumer" standard. *See Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 51 (2d Cir. 2018) ("[w]hen interpreting § 1692e, [the court] test[s] whether a communication is 'deceptive' by asking how the 'least sophisticated consumer' would interpret it"), *cert. denied*, 139 S.Ct. 1282 (2019); *Ellis*, 591 F.3d at 135 ("[w]hether collection activities or communications within the validation period overshadow or are inconsistent with a validation notice [under section 1692g] is determined under the 'least sophisticated consumer' standard"). A communication can be misleading or deceptive in violation of section 1692e under this standard if it is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 173 (2d Cir. 2015) (citation omitted). Moreover, "[a] collection activity or communication overshadows or contradicts the validation notice [in violation of section 1692g] if it would make the least sophisticated consumer uncertain as to her rights." *Ellis*, 591 F.3d at 135 (quotations omitted). At the same time, however,

6

"FDCPA protection does not extend to every bizarre or idiosyncratic interpretation of a collection notice and courts should apply the standard in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233-34 (2d Cir. 2012) (quotations omitted).

Because the "least sophisticated consumer" standard is objective, the "Second Circuit has indicated that the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law." *Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384, *4 (E.D.N.Y. 2016).

   **B.**      **Analysis**[3]

   I find that the Second Letter, which contained the exact same validation notice as the First Letter and pertained to the same alleged debt, neither overshadowed or contradicted the validation period noticed in the First Letter, nor was it inherently false or misleading.

   The Second Letter, like the First Letter, conveyed to Kurzdorfer that she had thirty days "after receiving *this* notice" to dispute the validity of her debt.   (Dkt. # 1-1 at 6 (emphasis supplied)).   That statement cannot plausibly be construed to have shortened the validation period noticed in the First Letter, which courts have found to violate the FDCPA.   *See, e.g.*, *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998) ("[defendant's] violation of [the FDCPA] consisted of its decision to ask for immediate payment without also explaining that its demand did not override the consumer's rights under Section 1692g to seek validation of the debt"); *see also Bridges v. Performant Recovery, Inc.*, 2015 WL 8773340, *3 (M.D. Ga. 2015) ("when courts have

---

[3]   I note that the analysis of whether Constar's alleged conduct violated either section 1692g or section 1692e is similar.   *See, e.g.*, *Rosen v. LJ Ross Assocs., Inc.*, 2020 WL 1332145, *4 (E.D.N.Y. 2020) ("[s]ignificantly, courts in th[e] [Second] Circuit have held that the standard for determining a violation of § 1692e(10) is essentially the same as that for § 1692g") (quotations omitted) (collecting cases).   Therefore, I rely principally on the same reasoning discussed below in evaluating the sufficiency of both of Kurzdorfer's claims.

found § 1692g violations, the collection letters demand payment before the statutory 30-day period has expired, or the letters conceal the fact that the debtor has 30 days to dispute the debt"); *Orenbuch v. Computer Credit, Inc.*, 2002 WL 1918222, *3 (S.D.N.Y. 2002) ("[t]he FDCPA . . . forbids a debt collector that plans to continue its collection efforts from creating the impression that the debtor has less than the full 30 day period to request validation").

Instead, the Second Letter effectively *extended* Kurzdorfer's time to dispute the debt beyond the thirty-day period noticed in the First Letter.  Though neither party has offered binding authority on this issue, this Court has identified ample authority that this was not impermissible – contrary to Kurzdorfer's view.  For instance, district courts within the Second Circuit have found that a debt collector does not violate the FDCPA by sending a second collection letter, either within or outside of the initially noticed validation period, which extends a consumer's time to dispute a debt.  *See, e.g.*, *Rosen*, 2020 WL 1332145 at *5 (dismissing plaintiff's section 1692e claim that sending two validation notices created confusion about the deadline to submit a written dispute: "[a] debt collector's issuance of a second debt collection letter with a second validation notice does not overshadow the original validation notice nor would it confuse the [least sophisticated consumer][;] [i]nstead, it grants the consumer additional time to dispute the debt, which the debt collector is permitted to do"); *Arend v. Total Recovery Servs.*, 2006 WL 2064977, *3 (E.D.N.Y. 2006) ("[section] 1692g of the FDCPA does not prohibit a debt collector from giving the consumer more than thirty days to exercise his right to obtain validation of the debt[, and] [i]t is neither deceitful nor false, even to the least sophisticated consumer, for the [d]efendant to offer [p]laintiff additional time to exercise his right to obtain validation of the debt") (citation omitted); *Brenker v. Creditors Interchange, Inc.*, 2004 WL 594502, *2 (S.D.N.Y. 2004) (defendant did not violate sections 1692g or 1692e by sending plaintiff two validation notices within five days of each other:

"[t]he initial letter accurately notified [p]laintiff that she had thirty days from receipt of that letter in which to request validation[;] [t]he second letter also described the validation period and related rights accurately[;] [i]t did nothing to suggest diminution of the initial period; if anything, it re-started the period, thereby effectively extending [p]laintiff's opportunity to seek validation of the debt[;] [n]othing in the FDCPA prohibits a debt collector from giving a debtor more than the requisite 30-day validation period").

A majority of district courts nationwide also hold this view. *See, e.g.*, *Medina v. LTD Fin. Servs., L.P.*, 2020 WL 4207671, *3 (S.D. Tex.) (no violation of sections 1692g or 1692e where defendant sent plaintiff two validation notices within six days of each other: "sequential letters with 30-day validation notices do not violate § 1692e by creating a false misrepresentation, and instead can only be viewed as extending the 30-day validation period[;] . . . where there was no attempt to collect the debt before the 30-day period expired, and where the second letter did nothing more than extend the 30-day period, not shorten it, the second letter cannot be said to have overshadowed the first letter so as to constitute a violation of § 1692g"), *report and recommendation adopted by*, 2020 WL 4207552 (S.D. Tex. 2020); *Curry v. AR Res., Inc.*, 2016 WL 8674254, *3 (D.N.J. 2016) (rejecting argument that a debt collector "does not have the power to grant consumers additional statutory rights [under the FDCPA][;] . . . if a debt collector properly informs a debtor of her right to have the debt validated by request in the next 30 days, and then subsequently extends that time period in a second communication, the debtor's initial substantive right to dispute the debt within 30 days has not been impacted or mischaracterized") (alterations omitted); *Bridges*, 2015 WL 8773340 at *3-4 (agreeing with defendant that a second validation notice sent to plaintiff within the original thirty-day validation period did not violate sections 1692g or 1692e, as the second letter "only extended [p]laintiff's time to assert his rights"); *Gesten*

*v. Phelan Hallinan, PLC*, 57 F. Supp. 3d 1381, 1386-87 (S.D. Fla. 2014) ("[d]efendant's second letter [sent '[a]round' the same time as the first letter] is not inconsistent with the thirty-day period that the FDCPA allows [p]laintiff to dispute the debt[;] [i]f anything, the second letter grants [p]laintiff *additional* time to do so"); *cf. Warran v. Smith Debnam Narron Drake Saintsing & Myers, LLP*, 2011 WL 10858230, *1-3 (E.D.N.C. 2011) (rejecting argument that defendants violated sections 1692g and 1692e by affording plaintiffs "45 days to challenge and request verification of their debt instead of the statutory 30 days[;] . . . [h]ere, [p]laintiffs assert that the statute's 30-day time frame is not only a floor, but is also a ceiling . . . [yet] this interpretation is nothing less than absurd[;] . . . [d]efendants cannot be penalized for giving debtors more time to assert their rights than the statute provided[;] . . . [i]ndeed, debt collectors do not violate the FDCPA by giving debtors more rights").

I find this great weight of authority from within and outside of this Circuit to be persuasive on the issue of whether Constar could permissibly afford Kurzdorfer *more* than thirty days to dispute the validity of her debt by sending the Second Letter.  Indeed, as other courts have noted, the FDCPA creates a "minimum national standard[] for debt collection practices" and it would be "antithetical to that purpose to prohibit a debt collector from going above a minimal standard." *Curry*, 2016 WL 8674254 at *3 (citing *Piper v. Portnoff Law Assoc.*, 396 F.3d 227, 236 n.11 (3d Cir. 2005)).

Here, consistent with that purpose, the Second Letter only enlarged Kurzdorfer's rights under the FDCPA by affording her more than thirty days to dispute her debt, *i.e.*, "above a minimal standard."  The Second Letter thus "created no reasonable possibility of confusion in derogation of [Kurzdorfer's] rights," *Brenker*, 2004 WL 594502, *2, particularly where there is no allegation that Kurzdorfer took any steps to dispute her debt.  In fact, Kurzdorfer does not contest Constar's

representation that "no such challenge or dispute of the debt was every made by [Kurzdorfer]." (Dkt. # 10-2 at 3).  Absent any other alleged misconduct, then, Constar's mere sending of the Second Letter did not violate the FDCPA.

I recognize that Kurzdorfer points to one case, on which she principally relies (*see* Dkt. # 1 at ¶ 21; Dkt. # 13 at 8, 15-16), that apparently reached a different conclusion on this issue.  *See Maloney v. Alliance Collection Agencies, Inc.*, 2018 WL 5816375 (E.D. Wisc. 2018) (finding that plaintiffs sufficiently stated claims under sections 1692e and 1692g where they alleged defendants' second validation notice, sent within the initial 30-day validation period, was "confusing": "a consumer who receives a second [validation] notice may reasonably wait until after the initial 30-day period to dispute the claim[;] [i]n doing so, she unknowingly forfeits the statutory right to dispute the debt and trigger the ceasing of collections activities required by the [FDCPA]").  Of course, *Maloney* is a case decided by the Eastern District of Wisconsin and is thus not binding on this Court.  More significantly, though, *Maloney* seems contrary to the above-stated purpose of the FDCPA.  *See Curry*, 2016 WL 8674254 at *5 ("the FDCPA provides a baseline standard of conduct for debt collectors[;] [b]ehavior which is not inconsistent with that baseline and enlarges the rights of a debtor without initially misrepresenting how those rights may be exercised does not adversely confuse or deceive the least sophisticated debtor as to her rights as guaranteed by the FDCPA").  In addition, *Maloney* appears to be an outlier on this issue in view of the ample authority identified above.  *See Medina*, 2020 WL 4207671 at *4 (contrasting *Maloney* with the "majority of district courts" finding that sequential letters noticing a separate validation period do not, standing alone, violate the FDCPA).  I follow the majority view on this issue for the reasons discussed herein and am thus unpersuaded that *Maloney* saves Kurzdorfer claims.

11

In sum, I find that the Second Letter neither overshadowed or contradicted the validation notice contained in the First Letter in violation of section 1692g, nor did it make a false representation or deceive Kurzdorfer in an effort to collect the debt in violation of section 1692e. Constar instead merely extended Kurzdorfer's time to dispute the validity of her debt beyond the initially noticed validation period, which it was permitted to do. This being the only basis for her claims, Kurzdorfer has thus failed to sufficiently state a claim under the FDCPA and her complaint must be dismissed.

### III.   Constar's Request for Attorneys' Fees

Constar has also moved for attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) based on its view that Kurzdorfer's decision to bring this lawsuit was "abusive" and made in "bad faith." (*See* Dkt. # 10-2 at 11-12; Dkt. # 16 at 12-14). In support of this request, Constar maintains that Kurzdorfer's allegations fail to state a claim for relief and that Kurzdorfer's counsel "was well aware that no . . . cause of action existed." (Dkt. # 10-2 at 11). Specifically, Constar's counsel states that after Kurzdorfer filed this case, but prior to Constar filing the pending motion, he "advised counsel for [Kurzdorfer] that the Second Circuit has specifically held that the allegations in the Complaint did not provide a valid cause of action," and that he "took the extra step of sending counsel for [Kurzdorfer] copies of [certain court] decisions . . . in an attempt to avoid the instant motion." (*Id.* at 11-12; *see also* Dkt. # 10-1 at ¶ 11; Dkt. # 10-5). Opposing Constar's request, Kurzdorfer contends that "[t]here is no decision of the Second Circuit negating [her] claim," and that, even if her claim lacks merit, that alone is not sufficient for this Court to grant Constar's request for fees under the FDCPA. (Dkt. # 13 at 20-21). I agree with Kurzdorfer.

Section 1692k(a)(3) of the FDCPA provides that "[o]n a finding by the court that an action under [the FDCPA] was brought in bad faith and for the purpose of harassment, the court may

award to the defendant attorney's fees reasonable in relation to the work expended and costs."  15

U.S.C. § 1692k(a)(3).  Unlike in the case of a successful plaintiff, for whom the FDCPA provides

"fee-shifting as a matter of course," *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 96 (2d

Cir. 2008), such an award against a plaintiff and in favor of a successful defendant under section

1692k(a)(3) constitutes "drastic relief," *Romeo v. FMA Alliance, Ltd.*, 2016 WL 3647868, *15

(E.D.N.Y. 2016); *see also Nwaizuzu v. Dunlap Gardiner Attorneys at Law, LLP*, 2019 WL

5491283, *1 (N.D. Ga. 2019) ("As the FDCPA is a consumer-protection statute, the standard for

awarding attorneys' fees and costs to prevailing defendants [under section 1692k(a)(3)] is quite

stringent.") (quotations omitted).

Moreover, a successful debt collector is not entitled to fees merely because a plaintiff's

underlying claim "turn[s] out to lack merit."  *Romeo*, 2016 WL 3647868 at *15 (citing *Simmons

v. Roundup Funding, LLC*, 622 F.3d 93, 97 (2d Cir. 2010)); *see also Necak v. Select Portfolio

Servicing, Inc.*, 2020 WL 4284923, *4 (S.D. Ohio 2020) (granting defendant's motion to dismiss

but denying its request for attorneys' fees under section 1692k(a)(3): "[w]hile the [c]ourt

ultimately finds [p]laintiff's legal arguments unpersuasive, it does not find the action rises to the

level of bad faith or was pursued solely with the intent to harass[;] [c]ourts have declined to award

attorneys' fees when a claim is minimally colorable and without additional facts supporting bad

faith or harassment") (citations omitted).  Rather, attorneys' fees under this section are appropriate

when "evidence [exists] that the plaintiff both knew that her claim was meritless and pursued it

with the purpose of harassing the defendant."  *Blumenfield v. Advanced Call Ctr. Techs., LLC*,

2015 WL 6442621, *3 (E.D.N.Y. 2015).  The district court maintains discretion to award a debt

collector attorneys' fees under the FDCPA.  *See Jacobson*, 516 F.3d at 96.

In my view, Constar is not entitled to attorneys' fees under section 1692k(a)(3).  True, based on the above analysis, Kurzdorfer has failed to state a claim for relief under the FDCPA. But that alone is not a sufficient basis upon which to grant Constar's request for attorneys' fees. *See Romeo*, 2016 WL 3647868 at *15; *Necak*, 2020 WL 4284923 at *4.  Critically, Constar has not presented any evidence demonstrating that Kurzdorfer pursued her claims in bad faith or with the purpose to harass Constar, and Constar's documented communications with Kurzdorfer's counsel regarding its view of the merits of Kurzdorfer's complaint (*see* Dkt. # 10-5) do not show otherwise.  *See, e.g.*, *Necak*, 2020 WL 4284923 at *4 (finding that "[p]laintiff's continued pursuit of her claim despite [d]efendant's communication with [p]laintiff regarding the merit of her [c]omplaint does not constitute sufficient additional facts supporting bad faith or harassment") (alterations, citations, and quotations omitted).  This is particularly so because, as referenced above, Constar has not presented binding authority on the dispositive issues discussed herein.  *See, e.g.*, *Simmons*, 622 F.3d at 97 (vacating debt collector's award of attorneys' fees under section 1692k(a)(3): "[w]hile [the Second Circuit] agree[s] with the district court's ruling on the merits of [plaintiff's] claim . . . the merits turned on a question of law that was, until this opinion, undecided in this Circuit[;] [t]he assertion of the claim did not by itself prove bad faith").

Accordingly, Constar has failed to satisfy the "quite stringent" standard for an award of attorneys' fees under section 1692k(a)(3), and its request is therefore denied.

## <u>CONCLUSION</u>

For the above-stated reasons, Constar's motion to dismiss (Dkt. # 10) is **GRANTED**.

Kurzdorfer's complaint (Dkt. # 1), therefore, is dismissed in its entirety and with prejudice.

Moreover, Constar's request for attorneys' fees in connection with this case is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 28, 2020.

15